UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOMER LEE RICHARDSON,
    Plaintiff

vs

UNITED STATES OF AMERICA,
    Defendant

Case No. C-1-05-667
(Spiegel, J.)
(Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on the United States of America's Motion to Dismiss (Doc. 5), and Plaintiff's Response thereto (Doc. 8).

### BACKGROUND

Plaintiff seeks injunctive relief related to the collection of his unpaid tax liability for the tax year 1997, namely an order directing the IRS to release a notice of federal tax lien against him and enjoining the IRS "from filing any more improper liens or illegally seizing [Plaintiff's] property in violation of the law during the pendency of the Tax Court case for the year in question." (Doc. 8 at p.2). In addition, Plaintiff also seeks damages in the amount of $10,000.

### OPINION

*The Court Lacks Jurisdiction over Plaintiff's Claims for Injunctive Relief*

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court

reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Initially, the Court notes that Plaintiff's request for injunctive relief appears now to be moot. Plaintiff seeks an order enjoining the IRS from filing any more liens *during the pendency of the Tax Court case for the year in question,* and for the release of the notice of federal tax lien filed against him. It appears, upon review of the docket in Plaintiff's Tax court proceeding, that a decision was issued on April 11, 2006. (*See* Ex. 1, United States Tax Court Docket No. 16794-03, Doc. 49).[1] Moreover, a Certificate of Release of Federal Tax Lien was executed on October 24, 2005 and recorded on November 4, 2005 with the Hamilton County Recorder's Office. (*See* Ex. 2 Certificate of Release of Federal Tax Lien, attached). Therefore, the relief Plaintiff seeks in this respect has been rendered moot.

In addition, to the extent Plaintiff seeks to enjoin the IRS from filing "any more liens *during the pendency of the Tax Court case for the year in question."* his requests are barred by the Anti-Injunction Act, which provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court for any reason." 26 U.S.C. § 7421(a). The Anti-Injunction Act expressly prohibits a taxpayer from bringing suit in order to restrain the assessment or collection of a tax. 26 U.S.C. § 7421(a). The act was passed to ensure that once

---

[1] The Court is permitted, pursuant to Fed. R. Evid. 201, to take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned. *Passa v. City of Columbus,* 123 Fed.Appx. 694 (6th Cir. Feb. 16, 2005).

2

a tax has been assessed, the tax can be collected without judicial intervention. *See Enochs v. Williams Packaging & Navigating, Co. Inc.*, 370 U.S. 1, 7 (1962). The taxpayer's only recourse in this situation is seek a refund for any contested taxes after they have been payed in full. *See Bob Jones University v. Simon*, 416 U.S. 725, 736-37 (1974). There are, however, two exceptions to this general rule. An injunction may be maintained when the taxpayer can show that the government cannot, under any circumstances, prevail on the merits of the tax claim, and, when there is a threat of irreparable harm to the taxpayer for which the taxpayer has no legal remedy. *See Enochs*, 370 U.S. at 7. Neither of these conditions are present in the Plaintiff's case. He has not presented any facts demonstrating that the government cannot support its assessment against him. Indeed, as evidenced by the Tax Court's decision finding him liable for the assessed taxes. (*See* Ex. 1, United States Tax Court Docket No. 16794-03, Doc. 49). Furthermore, he has a legal remedy available through a claim for refund after collection of the taxes. Therefore, Plaintiff cannot support a claim for injunctive relief against the Defendant.

<u>Plaintiff Fails to State a Claim for Relief Pursuant to 26 U.S.C. §§ 6325 or 7432</u>

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). To that end, in determining a motion to dismiss for failure to state a claim, the allegations in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). The motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Although pro se complaints are held to less stringent standards as compared with formal pleadings drafted by attorneys, the Court is not required to fabricate allegations which are not plead. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520

More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements. A complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859

3

F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985)(citations omitted)(emphasis in original)). A complaint will not be dismissed when plaintiff fails to plead facts in support of "every arcane element of his claim," but when a complaint "omits facts that, if they existed, would clearly dominate the case," it is fair to assume that those facts do not exist. *McGregor v. Industrial Excess Landfill, Inc.*, 856 F.2d 39, 43 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied sub nom. O'Brien v. Jordan*, 431 U.S. 914 (1977)). Moreover, the Federal Rules provide that, for motions made pursuant to Rule 12(b)(6), where "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." Fed.R.Civ.P. 12(b). *See Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389 (6th Cir. 1975). Because both parties submitted evidence to the Court in support of their respective positions, the Court finds no prejudice in treating Defendant's motion as one for summary judgment.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283

(S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff seeks an award of damages of at least $10,000 pursuant to 26 U.S.C. § 7432. (Doc. 1 at ¶¶ 1, 31-33). 26 U.S.C.§ 7432 provides in pertinent part that:

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States

With respect to the release of a lien under 26 U.S.C. § 6325, the Code provides in pertinent part:

> (a) Release of lien
> Subject to such regulations as the Secretary may prescribe, the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than 30 days after the day on which -
> (1) Liability satisfied or unenforceable

5

> The Secretary finds that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or has become legally unenforceable; or
> (2) Bond accepted
> There is furnished to the Secretary and accepted by him a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof, within the time prescribed by law (including any extension of such time), and that is in accordance with such requirements relating to terms, conditions, and form of the bond and sureties thereon, as may be specified by such regulations.

26 U.S.C. § 6325 (a)(1) & (2).  Plaintiff has failed to establish that Defendant failed to release the lien pursuant to § 6325's criteria.  The Certificate of Release states only that Plaintiff satisfied the taxes for the tax year 1997 under the requirements of 26 U.S.C. § 6325(a).  Plaintiff has, however, provided the Court with no evidence that Defendants knowingly or negligently failed to release the lien under the criteria set forth in § 6325.  As such, we find Defendant's motion to be well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1) Defendant's Motion to Dismiss (Doc. 5) be GRANTED.

2) This case be TERMINATED on the Court's Docket.

Date:  7/12/2006            s/Timothy S. Hogan
                            Timothy S. Hogan
                            United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 7/13/2006. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\MTNDISM\Richardson.mtd.wpd

```
                                                           07/06/06

               U N I T E D   S T A T E S   T A X   C O U R T
                         D O C K E T   E N T R I E S

  Docket No.  16794-03                                      INDEX
   Homer L. Richardson
              v. COMMISSIONER OF INTERNAL REVENUE

                              JR0176   (Service Attorney)
                         NO.  1  Jones,Robert Alan
                                 R.A.J. Limited
                                 Suite 7
                                 1061 E. Flamingo Road
                                 Las Vegas, NV 89119

  NO.   DATE    EVENT      FILINGS AND PROCEEDINGS   ACT/STAT DTE   SERVED     M

  0001 09/30/03 PF    PETITION Filed:Fee Paid                      R 10/01/03
  0002 09/30/03 DPT   DESIGNATION of Trial at Las                  R 10/01/03
                      Vegas, NV
  0003 11/18/03 MOTR  MOTION by resp. to ext. time to
                      1-12-04 to ans. (N.Obj.) (C/S   GR  11/19/03 B 11/19/03
                      11-17-03)
  0004 01/06/04 ACS   ANSWER (C/S 01/05/04).
  0005 01/23/04 MOTP  MOTION by petr. to cons. 16794-03
                      & 16795-03. (C/S 1-16-04)       ORD 02/17/04
  0006 01/27/04 NOF   NOTICE of Filing mot. to consol.
                      Obj. to be filed 2/17/04.                    B 01/27/04 C
  0007 02/10/04 RESP  RESPONSE by Resp. to mot. to
                      cons. (C/S 2-9-04)
  0008 02/17/04 O     ORDER mot. to cons. is granted.              B 02/18/04
  0009 03/29/04 MOTR  MOTION by resp. under Rule 37
                      (c). (C/S 3-26-04)              DN  04/22/04 B 04/22/04
  0010 03/29/04 NOF   NOTICE of Filing 37(c) mot.
                      (Reply due: 4-19-04)                         B 03/29/04 C
  0011 04/20/04 RCS   REPLY (C/S 04/19/04)
  0012 07/02/04 NTD   NOTICE of Trial on 12/06/04 at
                      Las Vegas, NV.                               B 07/02/04 C
  0013 07/02/04 SPTO  STANDING PRE-TRIAL ORDER attached
                      to Notice of Trial                           B 07/02/04 C
  0014 07/12/04 MOTP  MOTION by petr. for lv. to file
                      mot. to strike parts of ans.    ORD 07/16/04
                      (Mot. to Strike Ld.) (C/S 7-9-04)
  0015 07/16/04 O     ORDER Petr. mot. to file mot. to
                      strike is Gr. in part & Dn. in               B 07/19/04 C
                      part.
  0016 07/16/04 MOTP  MOTION by petr. to strike parts             R 07/19/04
                      of answer.                      ORD 10/05/04
  0017 07/16/04 O     ORDER Resp. by 8-6-04 file
                      response to mot. to strike.                  B 07/19/04 C
  0018 08/09/04 OBJ   OBJECTION by Resp. to mot. to
                      strike. (C/S 8-6-04) (Leave Gr.)
  0019 08/09/04 MEMO  MEMORANDUM by Resp. In Support of
                               (Continued to page    2)
```

Ex. 1

```
                                                               07/06/06
  Docket No.   16794-03              (Continuation  Page    2)      INDEX
NO.    DATE   EVENT    FILINGS AND PROCEEDINGS    ACT/STAT DTE  SERVED   M

                       obj. to mot. to strike. (C/S
                       8-6-04) (Leave Gr.)
0020 09/22/04 RAR      REQUEST FOR ADMISSIONS by Resp.
                       (C/S 09/21/04)
0021 10/05/04 O        ORDER Petr. mot. to strike parts
                       of answer is denied.                     B 10/05/04 C
0022 10/25/04 MOTR     MOTION by resp. to compel docu.
                       w/Exhs. (C/S 10-22-04) (Leave    ORD 10/28/04
                       Gr.)
0023 10/25/04 MISC     PETR. ANSWERS TO RESP. REQUEST
                       FOR ADMISSIONS. (C/S 10-21-04)
0024 10/25/04 RAP      REQUEST FOR ADMISSIONS by Petr.
                       (C/S 10/21/04) (Per Judge)
0025 10/27/04 NOT      NOTICE by Resp. to w/d his mot.
                       to compel docu. (C/S 10-26-04)
0026 10/28/04 O        ORDER Resp. by 11-22-04 file
                       response to req. for admissions.         B 10/28/04 C
0027 10/28/04 O        ORDER Resp. mot. to compel is dn.
                       as moot.                                 B 10/28/04 C
0028 10/28/04 O        ORDER trl set. date certain of
                       12-9-04.                                 B 10/28/04 C
0029 11/03/04 MISC     RESP. ANSWERS TO PETR. REQUEST
                       FOR ADMISSIONS. (C/S 11-2-04)
0030 12/02/04 MOTP     MOTION by petr. in limine to
                       exclude certain docu. of Resp.   ORD 12/09/04
                       from evidence for trial. w/Ex. (C/S 12/1/04)
0031 12/06/04 TRL      TRIAL before Judge Wherry at Las
                       Vegas, NV                          SUB 12/10/04
                       Also called 12-9-04 & 12-10-04. Petr. mot. filed
                       12-2-04--See Ord. 12-9-04. Petr. oral mot. to w/d mot.
                       filed 12-2-04--See Ord. 12-9-04.
                             OPENING BRIEFS DUE:   2-23-05
                             ANSWERING BRIEFS DUE:   5-2-05
                                SUBMITTED TO JUDGE WHERRY
0032 12/09/04 STP      STIPULATION OF FACTS. Exhs.
                       Att'd.
0033 12/09/04 MOTP     MOTION by petr. at 16795-03 for
                       part. summ. judg. as to 1996.    DN  12/09/04 B 12/16/04 C
0034 12/09/04 RPT      REPORT by Petr. at 16795-03
                       re:her attendance at trial.
                       (C/S 12-8-04) (Per Judge)
0035 12/09/04 PTM      PRE-TRIAL MEMORANDUM by Resp.
                       (C/S 11-23-04)
0036 12/09/04 PTM      PRE-TRIAL MEMORANDUM by Petr.
                       (C/S 11-26-04)
0037 12/09/04 O        ORDER Petr. oral mot. to w/d mot.
                       in Limine is Gr.  Said mot.              B 12/16/04 C
                             (Continued to page    3)
```

```
                                                              07/06/06
    Docket No.   16794-03          (Continuation Page    3)     INDEX
NO.   DATE  EVENT     FILINGS AND PROCEEDINGS    ACT/STAT DTE  SERVED   M

                      w/d.
0038 01/05/05 TRAN  TRANSCRIPT of 12-6-04 rec'd. (Cal
                      Call)
0039 01/21/05 TRAN  TRANSCRIPT of 12-9-04 rec'd.
                      (TRL)
0040 01/21/05 TRAN  TRANSCRIPT of 12-9-04 rec'd.
                      (TRL)
0041 01/21/05 TRAN  TRANSCRIPT of 12-10-04 rec'd.
                      (TRL)
0042 02/14/05 MOTP  MOTION by petr. to enlarge time
                      to 3-14-05 for brfs. (C/S        ORD 02/15/05
                      2-10-05)
0043 02/15/05 O     ORDER Petr's. Mot to enlarge time
                      is granted. Time for filing                 B 02/15/05 C
                      Opening Briefs is ext. to 3-14-05. Time ext. to 5-20-05 for
                      Answering Briefs.
0044 03/15/05 BFR   BRIEF for resp. (p.m.t.)                      P 03/22/05 C
0045 03/17/05 BFP   BRIEF for petr. w/Exhs. (Leave
                      Gr)                                         R 03/22/05
0046 05/23/05 RBFR  REPLY BRIEF for resp.                         P 05/24/05 C
0047 05/23/05 RBFP  REPLY BRIEF for petr.                         R 05/24/05
0048 12/15/05 MOTP  MOTION by petr. requesting
                      judicial notice. w/attachments   ORD 04/11/06
0049 04/11/06 MOP   MEMORANDUM OPINION, Judge Wherry
                      T.C. Memo. 2006-69                          B 04/11/06 C
                      (Appropriate orders and decisions for Resp. will be
                      entered)
0050 04/11/06 OAD   ORDER AND DECISION ENTERED, Judge
                      Wherry.  Petr. mot. (48) Dn.                B 04/11/06 C
```

Ex 2

| Form 668 (Z) (Rev. 10-2000) | 11596 | Department of the Treasury - Internal Revenue Service **Certificate of Release of Federal Tax Lien** | |
|---|---|---|---|
| Area: SMALL BUSINESS/SELF EMPLOYED AREA #6 Lien Unit Phone: (800) 913-6050 | | Serial Number 220196305 | For Use by Recording Office |

I certify that the following-named taxpayer, under the requirements of section 6325 (a) of the Internal Revenue Code has satisfied the taxes listed below and all statutory additions. Therefore, the lien provided by Code section 6321 for these taxes and additions has been released. The proper officer in the office where the notice of internal revenue tax lien was filed on ___April 07___ ___2005___, is authorized to note the books to show the release of this lien for these taxes and additions.

Rebecca Prem Groppe
Hamilton County Recorders Office
Doc #: 05-0188713 Type: RFED
Filed: 11/04/05 08:22:21 AM $3.00
Off.Rec.: 10085 01845 F PO 1 210

b10085018145Fb

Name of Taxpayer
HOMER L RICHARDSON

Residence 758 QUAILWOODS DR
LOVELAND, OH 45140-9318

COURT RECORDING INFORMATION:

| Liber | Page | UCC No. | Serial No. |
|---|---|---|---|
| 09903 | 02702 | n/a | 05-0054278 |

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1997 | 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N | 05/14/2003 | 06/13/2013 | 131075.07 |

Place of Filing
COUNTY RECORDER
HAMILTON COUNTY
CINCINNATI, OH 45202

Total $ 131075.07

This notice was prepared and signed at ___DETROIT, MI___, on this,

10085  1845

the ___24th___ day of ___October___, ___2005___.

Signature *Susan A. Hansen*

Title Director, Campus Compliance Operations

(NOTE: Certificate of officer authorized by law to take acknowledgments is not essential to the validity of Certificate of Release of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - RECORDING OFFICE

Form 668 (Z) (Rev. 10-2000)
CAT. NO 60028I

1:05cv667

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>Horner Lee Richardson<br>758 Quailwoods Dr.<br>Loveland, OH 45140-9318 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7002 0860 0000 1409 2344 |

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-0835